GORDON SILVER
ERIKA PIKE TURNER
Nevada Bar No. 6454
Email: eturner@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666

ANDREWS KURTH LLP
ALDO NOTO
Email: notoa@andrewskurth.com
1350 I Street NW, Suite 1100
Washington, DC 20005
Tel: (202) 662-3051
Fax: (202) 974-9503

MICHELE SCHWARTZ
Email: Michele Schwartz
@andrewskurth.com
1717 Main Street, Suite 3700
Dallas, TX 75201
Tel: (214) 659-4400
Fax: (214) 659-4401
Attorneys for Plaintiff/Counterdefendant
Eades Appliances Technology, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EADES APPLIANCE TECHNOLOGY, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>PRESTON INDUSTRIES, INC., an Illinois corporation,<br><br>    Defendant. | CASE NO. 2:10-cv-00769-KJD-LR<br><br>**PROTECTIVE ORDER** |
| PRESTON INDUSTRIES, INC., an Illinois corporation,<br><br>    Counter-claimant,<br><br>vs.<br><br>EADES APPLIANCE TECHNOLOGY, LLC, a Nevada limited liability company,<br><br>    Counter-defendant. | |

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102485-001/1058288.doc

1 of 8

Upon consideration of the joint proposed Protective Order by Plaintiff/Counter-defendant Eades Appliance Technology, LLC ("Eades") and Defendant/Counter-claimant Preston Industries, Inc. ("Preston") (collectively "Parties"),

IT IS HEREBY ORDERED that the Parties' proposed Protective Order is entered, and

IT IS FURTHER ORDERED as follows:

1. This Protective Order shall apply to all information, documents and things designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY by the parties or nonparties as provided in this Order. As used herein, "Confidential Material" means: (a) all or any portion of any document, thing, response, or answer produced in response to a document request, interrogatory or otherwise which is designated as confidential by the producing party; and (b) those portions of any deposition transcripts, court filings or other papers incorporating portions of such documents, responses or answers or disclosing their contents, or otherwise compromising the confidential nature of information designated as confidential by the party or nonparty which produced the information.

2. This Protective Order shall also apply to material, of any form or format, produced by the other party, a third-party or non-party, whether voluntarily or in compliance with a subpoena, such that any Party to this lawsuit may designate documents and information produced by a party, third-party or non-party as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY. Such designation shall be made within 20 days of receipt of the party, third-party or non-party materials, by written notice served on all Parties and on the producing party, third-party or non-party.

3. A party and/or nonparty may designate material CONFIDENTIAL only if in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure, and on the basis that the document or information so designated represents confidential or proprietary business or financial information or trade secrets of the party making the designation, of the type not normally disclosed to the public. A party and/or nonparty may designate material CONFIDENTIAL ATTORNEY'S EYES ONLY only if it in good faith deems that disclosure of such material to a

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102485-001/1058288.doc

2 of 8

party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 of the Federal Rules of Civil Procedure.

4. Any Party may designate any portion of a transcript of any deposition as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and thereby subject to the terms of this Order. Such designation shall be made on the record of the deposition or, within 20 days of receipt of the transcript, by written notice served on all parties.

5. Except as provided otherwise, Confidential Information designated as CONFIDENTIAL may only be reviewed by or disclosed to: (a) the Court; (b) attorneys of the law firms representing any of the parties (including members and employees of these law firms to whom it is necessary that the material be shown for purposes of this litigation); (c) two designated representatives of each party; (d) experts and consultants retained by any party; and (e) any other person designated by agreement of the parties or order of the Court after notice to all parties.

6. Except as provided otherwise, Confidential Information designated as CONFIDENTIAL ATTORNEYS' EYES ONLY may only be reviewed by or disclosed to: (a) the Court; (b) attorneys of the law firms representing any of the parties (including members and employees of these law firms to whom it is necessary that the material be shown for purposes of this litigation); (c) experts and consultants retained by any party; and (d) any other person designated by agreement of the parties or order of the Court after notice to all parties.

7. Any party may, by motion, challenge the designation of a document or a portion of a deposition transcript as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY. The movant must accompany such a motion with a statement that, after consultation with the opposing party(ies) and good faith attempts to resolve their differences, the Parties are unable to reach an accord. Upon such a motion, the burden shall be on the designating party to establish the basis for its/his designation of a document or a particular portion of a deposition transcript as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY.

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102485-001/1058288.doc

3 of 8

8. The use of Confidential Material is subject to the following limitations:

(a) The Parties are prohibited from utilizing Confidential Material for any purposes other than the furtherance of this litigation, or in any context but this litigation, without the express written consent of the other party(ies).

(b) Confidential Material, as well as any information contained therein and any documents or information compiled from Confidential Material or the information contained therein, shall not be used or disclosed in any manner other than as specified herein.

(c) Confidential Material and the information contained therein shall not be disclosed by the receiving party to anyone other than the Parties herein, their respective counsel (and their respective staffs), the Court and its personnel, court reporters retained to transcribe testimony in this litigation, witnesses deposed in this litigation and experts retained for purposes of this litigation, provided that Confidential Material shall not be disclosed to deposition witnesses, consultants and testifying experts unless they first agree in writing to be bound by the terms of this Order by signing an Acknowledgment, in the form attached hereto as Exhibit 1.

(d) A party wishing to file any pleadings or other papers which attach, reproduce or paraphrase any documents or testimony covered by this Order shall file such materials under seal, as described in Paragraph 8e below, unless the filing party first obtains the written consent of the opposing party(ies) counsel to file the materials on the public record.

(e) The Clerk of the Court is directed to maintain under seal all documents filed with this Court in this litigation by any party which reproduce or paraphrase any documents or testimony, in whole or in part, that are covered by this Order, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda. The party filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so. All documents which are filed with the Court for any purpose and which are covered by this Order shall be filed in a sealed envelope marked on the outside with the title of the action, and identification of each document within and a statement substantially in the following form:

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102485-001/1058288.doc

4 of 8

CONFIDENTIAL MATERIAL FILED UNDER SEAL: THE ENCLOSED MATERIAL IS SUBJECT TO A PROTECTIVE ORDER OF THE COURT. WITHOUT A COURT ORDER, THIS ENVELOPE MAY NOT BE OPENED EXCEPT BY THE COURT OR ITS EMPLOYEES.

9. Nothing in this Order shall preclude any party to the lawsuit or its attorneys from: (a) showing a document covered by this Order to an individual who either prepared the document, or is identified on the face of the document as having received the document, prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, any information or documents which that party has produced, including information or documents which are covered by this Order, except as provided in Paragraph 2.

10. At the conclusion of this litigation, each party shall either return all documents covered by this Order to the producing party or, at the producing party's request, destroy all such documents.

11. By entering this Order and limiting the disclosure of information in this case, neither the Court nor the Parties intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that may be subject to a motion to disclose information or documents covered by this Order shall promptly notify the opposing party(ies) of the motion so that they may have an opportunity to appear and be heard on whether that information should be disclosed.

12. By entering this Order and limiting the disclosure of information in this case, neither the Court nor the Parties intend to preclude a party from disclosing information or documents where required by law or ordered by a Court of competent jurisdiction.

13. By entering this Order and limiting the disclosure of information in this case, neither the Court nor the Parties intend to replace or avoid the application of Fed. R. Civ. P. 26(b)(5)(B).

. . .

. . .

. . .

102485-001/1058288.doc

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

14.  If a party inadvertently produces a document, in any form or format, containing material subject to the attorney-client privilege, the work product doctrine, or any other privilege, such production shall not be treated as a waiver for that or any other document or the subject of that document.

15.  This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown.

16.  A party may challenge the propriety of any designation under this Protective Order at any time. A challenge may be made by serving on all other parties a written notice of objection, which shall identify with particularity the designated materials as to which the designation is challenged and state the basis for each challenge in a notice of objection. Service of the notice of objection shall be made by email.

The parties shall meet and confer in a good faith attempt to resolve the matter. It shall be the burden of the designating party under such circumstances to establish that the information so designated is properly CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY within the meaning of this Protective Order. Unless and until the parties agree otherwise or the Court directs otherwise, such designated material shall continue to be treated as subject to the restrictions of this Protective Order, except that if the designating party does not respond at all to

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102485-001/1058288.doc

the written notice of objections within five (5) calendar days after service thereof, such objections shall be deemed justified and the challenged material shall be deemed de-designated.

AS AGREED this 28th day of October, 2010.

| GORDON SILVER | VEDDER PRICE, P.C. |
|---|---|
| /s/ Erika Pike Turner<br>ERIKA PIKE TURNER, ESQ.<br>Nevada Bar No. 6454<br>Email: eturner@gordonsilver.com<br>3960 Howard Hughes Pkwy., 9th Floor<br>Las Vegas, Nevada 89169<br>Tel: (702) 796-5555<br>Fax: (702) 369-2666 | /s/ Robert S. Rigg<br>ROBERT S. RIGG, ESQ.<br>Email: rrigg@vedderprice.com<br>*(has complied with LR IA 10-2)*<br>ANGELO J. BUFALINO, ESQ.<br>Email: abufalino@vedderprice.com<br>*(has complied with LR IA 10-2)*<br>222 N. LaSalle St., Suite 2600<br>Chicago, IL 60601<br>Tel: (312) 609-7500<br>Fax: (312) 609-5005 |
| ANDREWS KURTH LLP<br>ALDO NOTO<br>Email: notoa@andrewskurth.com<br>1350 I Street NW, Suite 1100<br>Washington, DC 20005<br>Tel: (202) 662-3051<br>Fax: (202) 974-9503 | |
| MICHELE SCHWARTZ<br>Email: Michele Schwartz @andrewskurth.com<br>1717 Main Street, Suite 3700<br>Dallas, TX 75201<br>Tel: (214) 659-4400<br>Fax: (214) 659-4401<br>Attorneys for Plaintiff/Counterdefendant<br>Eades Appliances Technology, LLC | COPPEDGE EMMEL & KLEGERMAN PC<br>L. JOE COPPEDGE, ESQ.<br>Nevada Bar No. 4954<br>Email: jcoppedge@cekcounsel.com<br>5586 South Fort Apache Road, Suite 110<br>Las Vegas, NV 89148<br>Tel: (702) 476-1000<br>Fax: (702) 722-6185<br>Attorney for Defendant/Counter-claimant<br>Preston Industries, Inc. |

**ORDER**

IT IS SO ORDERED this __29__ day of __October__, 2010.

_____
U.S. DISTRICT COURT JUDGE

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102485-001/1058288.doc

7 of 8